STATE *ex rel* ATTORNEY GENERAL, *Appellant*, v. WOOD *et al.*

1. **Corporations.** A substantial compliance with conditions attached to a grant of corporate franchises is all that is required.

2. **Capital Stock.** The statutory requirement that one-half of the capital stock "has been actually paid up in lawful money of the United States," is substantially complied with if the corporation has

OCTOBER TERM, 1884.                   379

The State ex rel. Attorney General v. Wood.

property whose market value is greater than the par value of the stock.

**8. Quo Warranto: EVIDENCE.** In *quo warranto* to forfeit the franchises of a private corporation, the court may consider testimony. tending to show that one of the corporators procured the commencement of the proceeding in bad faith and for his private purposes.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED

*Frank K. Ryan* and *Smith & Krauthoff* for appellant.

(1) The capital stock being a trust fund (72 Mo. 424 and 434; 78 Mo. 482) the statutory requirements as to amount, time, and manner of payment must be strictly obeyed and are conditions precedent. *King v. Elliott*, 5 S. & M. 428, 442; *Turnpike Co. v. McKean*, 11 Johns. 98. These requirements are dictated by sound policy and cannot be evaded. *Schutz v. R. R.*, 9 Mich. 269; *Turnpike Co. v. Henderson*, 8 Serg. & R. 217; *Wood v. R. R.*, 32 Ga. 273. (2) The requirement of the statute that at least one-half of the capital stock shall be paid "in lawful money of the United States" is constitutional. (3) At the period of time to which these proceedings are addressed (and indeed up to date), no portion of the capital stock of the Wood Medicine Company was paid in whole or in part, in either money or property. The property set up as substantial payment for the stock, was not attempted to be and could not be conveyed to the Wood Medicine Company until after it was fully incorporated, while the law requires this one-half payment as a condition of incorporation. The chain of conveyances for the transfer of this alleged property is each void on

*These syllabi are taken from 13 Mo. App. 139.

its face.    The subject matter thereof and the covenants therein were not vendible or subject to such transfer. Case of *Skinner v. Oakes*, 6 Ct. of App. 45. (4) C. Maguire was a bankrupt and could not make the transfer.

*John G. Chandler* for respondents.

(1)   The state asked no instructions and none were given for the defendants.    The finding of facts was for defendant and no point of law was saved for review by the appellate court. *Quo warranto* proceedings are strictly at law, and, therefore, can only be reviewed according to the methods of the common law.   High on Ex. Rem., sec. 619 ; *State v. Vail*, 53 Mo. 97 ; *State v. Townsley*, 56 Mo. 107. (2) If the statute could be construed (which it cannot) as directing one-half of the stock to be paid in lawful money of the United States, it would in that particular be directory only and not mandatory.    Sedgwick on Stat. and Cons. Law, 368, 369, 370, 377, 378, 380 ; *Cape Girardeau v. Riley*, 52 Mo. 424 ; *West v. Ross*, 53 Mo. 350 ; *St. Louis, etc., v. Sparks*, 10 Mo. 177 ; *State v. Howard*, 41 Mo. 247 ; *State v. Muir*, 20 Mo. 303 ; *Hicks v. Chouteau*, 12 Mo. 341 ; *Price v. Woodford*, 43 Mo. 247.    (3) Payment of fifty per cent. of the stock in money was not a condition precedent to the formation of the corporation. R. S., secs. 926, 977, 928, 708; *Liebke v. Knapp*, 79 Mo. 22.    (4) If payment of fifty per cent. of the stock was a condition precedent to the formation of the corporation, the condition was substantially complied with and no more than this was necessary. *People v. Turnpike Co.*, 23 Wend. 193 ; *Thompson v. People*, 23 Wend. 537 ; *Livingston v. Livingston*, 15 Wend. 294 ; 2 Coke on Lit. 1*n*.   (5) The prosecution being instituted by private persons for private ends, and no public purpose being subserved thereby, is not maintainable.    Ang. & Ames on Corp., secs. 742, 746 ; High on Ex. Rem., sec. 652 ; *People v. R. R.*, 88 Ill. 537 ; 2 Dillon on Mun. Corp., sec. 899.

NORTON, J.—This proceeding was instituted in the St. Louis circuit court on behalf of the state on the relation of the attorney general, in which a forfeiture of the franchises of the Wood Medicine Company, a corporation, it being alleged as the ground therefor, that the statement in the articles of incorporation, that the stock had been subscribed and paid for in lawful money of the United States was false; that none of the stock had been paid for, and that, for this reason, the issuance of the certificate of incorporation was fraudulent and a usurpation of franchises in violation of the statute. The circuit court on the trial of the cause, found that the stock had been paid for in property, dismissed the complaint and rendered judgment for the defendants, from which the state appealed to the St. Louis court of appeals, which affirmed the judgment of the circuit court, holding that a substantial compliance with the statutory conditions attached to the grant of a corporate franchise is all that is required; and that the statutory requirement that one-half of the capital stock "has been actually paid up in lawful money of the United States" is substantially complied with if the corporation has received property as payment, whose market value is greater than the par value of the stock. The opinion is reported in 13 Mo. App. p. 139, and the conclusion announced therein is sustained by reason and authority.

Judgment affirmed, in which all concur.